**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
**No. 10-783V**
**Filed: October 26, 2012**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| EDWARD L. BARKER, JR, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* Stipulation; Table injury; |
| | \* Td; Brachial neuritis |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Special Master:

Edward L. Barker, Jr. ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on November 12, 2010. Respondent concedes that petitioner is entitled to compensation under the terms of the Vaccine Program. *See* Amended Rule 4 Report, filed July 8, 2011.

Petitioner received a Tetanus-Diphtheria ["Td"] vaccine on June 23, 2008, and he sustained the first symptom or manifestation of onset of brachial neuritis within the time period set forth on the Vaccine Injury Table (42 C.F.R. § 100.3(a)). Stipulation, filed October 25, 2012, at ¶¶2, 4. He suffered residual effects or complications from his brachial neuritis for more than six months, and there is not a preponderance of the evidence demonstrating that petitioner's brachial neuritis is due to a factor unrelated to his Td vaccination. *See id.* at ¶¶5-6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On October 25, 2012, the parties filed a joint stipulation describing the compensation terms. Respondent agrees to pay petitioner:

> A lump sum payment of **$180,000.00** in the form of a check payable to petitioner, Edward L. Barker, Jr. This amount represents compensation for all damages that would be available under § 300aa-15(a).

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EDWARD L. BARKER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 10-783V |
| v. ) | Special Master Denise Vowell |
| ) | ECF |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent, ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Edward L. Barker, Jr., petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Tetanus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a Tetanus-Diphtheria ("Td") vaccine on June 23, 2008.

3. The vaccine was administered within the United States.

4. Petitioner sustained the first symptom or manifestation of the onset of brachial neuritis within the time period set forth in the Table.

5. Petitioner suffered the residual effects or complications of his brachial neuritis for more than six months after his vaccination.

6. There is not a preponderance of the evidence demonstrating that petitioner's condition is due to a factor unrelated to his June 23, 2008, Td vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

8. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Program. Therefore, a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $180,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

2

12. Payment made pursuant to paragraph 9, and any amounts awarded pursuant to paragraph 10 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 9 and 10, petitioner, in his individual capacity, and on behalf of himself, and his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Td administered on June 23, 2008, as alleged by petitioner in a petition for vaccine compensation filed on or about November 12, 2010, in the United States Court of Federal Claims as petition No. 10-783V.

15. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the United States Court of Federal Claims fails to enter judgment in

3

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended.  There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Td vaccine caused petitioner's brachial neuritis or any other injury or petitioner's current disabilities.

19.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.


END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

Edward L. Barker Jr.
EDWARD L. BARKER, JR.

ATTORNEY OF RECORD FOR
PETITIONER:

DIANA L. STADELNIKAS, ESQ.
Maglio, Christopher & Toale, P.A.
1605 Main Street
Suite 710
Sarasota, Florida 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Acting Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

GEOFFREY EVANS, M.D.
Director, Division of
Vaccine Injury Compensation
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 10/25/12

ATTORNEY OF RECORD FOR
RESPONDENT:

MELONIE J. McCALL
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4098